IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | |
|---|---|
| ANTONIO CARDELL CARTER ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No.: 2:15-CV-04052-SRB |
| ) | |
| BEVIN ARNETT, et al., ) | |
| ) | |
| Defendants. ) | |

## **ORDER**

Before the Court is Defendants' Motion to Dismiss (Doc. #29). For the reasons discussed below, Defendants' motion is GRANTED.

**I.     BACKGROUND**

Plaintiff Antonio Carter, who is incarcerated at the Jefferson City Correctional Center, in Jefferson City, Missouri, has filed this *pro se* action seeking relief pursuant to 42 U.S.C. § 1983 for claimed violations of his legal rights. Defendants are both current and former employees of Missouri Department of Corrections ("MDOC"). Plaintiff was placed in administrative segregation for investigation after it was discovered through telephone monitoring that Plaintiff had "conspired with other offenders to introduce a controlled substance" into the correction facility in violation of MDOC policies. (Doc. #1-1, p.8). It was further discovered that Plaintiff had "money sent in return for the delivery of a controlled substance." Id. Defendant Arnett, an investigator, reported a conduct violation ("CDV") based on these findings and Defendant Curtis Whittle, an interviewing employee, completed the CDV report noting Plaintiff did not provide a statement and refused to sign a waiver of rights. (Doc. #1-1, p.1). Plaintiff alleges Defendant Arnett failed to follow certain MDOC policies and standard operating procedures regarding the

CDV hearing and the remaining defendants violated his due process rights by failing to correct Defendant Arnett's error. (Doc. #1, p.4).

Defendants filed their first motion to dismiss this action on July 8, 2015, arguing this action should be dismissed due to Plaintiff's failure to bring this action against Defendants in their individual capacity. After the Court granted Plaintiff two extensions of time to file a response to Defendants' motion, Plaintiff sought leave to amend his complaint to assert claims against Defendants in their individual capacity. The Court granted Plaintiff's motion and advised, "that failure to file an amended complaint by that date would result in the dismissal of this action pursuant to Federal Rule of Civil Procedure 41(b) for Plaintiff's failure to comply with the Court's Order." (Doc. #28, p.2). Plaintiff requested a second extension of time to file an amended complaint, and despite the Court's warning in the previous order, Plaintiff's request was granted. On September 11, 2015, Plaintiff submitted his third request for leave to amend his complaint, which was opposed by Defendants. In the September 24, 2015, Order, the Court explained,

> The Court has allowed Plaintiff ample opportunity to file a response [to the motion to dismiss] or amended complaint. The Court has made every attempt to accommodate Plaintiff's requests. Plaintiff has been advised on numerous occasions that failure to file an amended complaint within the generous time constraints provided by the Court would result in the dismissal of this action.

Id.

On September 24, 2015, Defendants filed their joint motion to dismiss this action based on Eleventh Amendment immunity and arguments that no constitutionally significant due process right to enforce internal MDOC policies and procedures exists to assert this claim.

## II. LEGAL STANDARD

When considering a motion to dismiss, the Court must liberally construe the complaint in favor of the plaintiff, accepting material allegations of fact in the complaint as true, unless those allegations are "threadbare recitals of a cause of action's elements, supported by mere conclusory statements." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1940 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). In order "to survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" Id. at 1949 (quoting Twombly, 550 U.S. at 570). A claim is plausible when the factual content asserted by plaintiff "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556). Dismissal of an action also is warranted if the "allegations of constitutional violations are unsupported by sufficient facts to identify the nature of [the] alleged injury." Yancey v. Alexander, 724 F.2d 93, 94 (8th Cir. 1983).

## III. ANALYSIS

As their primary basis for dismissal, Defendants argue they are entitled to Eleventh Amendment immunity because Plaintiff brings this suit against them in their official, rather than individual, capacities and seek monetary damages. Plaintiff claims "[t]he defendants each in their job capacity violated plaintiff's constitutional rights." (Doc. #30, p.2). Plaintiff does not directly address Eleventh Amendment immunity, but argues that Defendants should not be protected by qualified immunity.

"Official-capacity liability under [§ 1983] occurs only when a constitutional injury is caused by a government's policy or custom [.]" Gladden v. Richbourg, 759 F.3d 960, 968 (8th Cir. 2014) (citation and internal quotation marks omitted). When Plaintiff names Defendants in

their official capacity, he is attempting to recover damages from the government body itself, in this case the State of Missouri. See, e.g., Brandon v. Holt, 469 U.S. 464, 471 (1985) (holding "a judgment against a public servant 'in his official capacity' imposes liability on the entity that he represents …"); Kentucky v. Graham, 473 U.S. 159, 165 (1985) (finding "[o]fficial-capacity suits … 'generally represent only another way of pleading an action against an entity of which an officer is an agent.'"). "Neither the State nor its officials acting in their official capacities are 'persons' capable of being sued under 42 U.S.C. § 1983." Mayorga v. Missouri, 442 F. 3d 1128, 1130-31 n.2 (8th Cir. 2006) (citing Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989)).

In the caption of Plaintiff's complaint, he has indicated that, "Defendants are sued in their … Official Capacity." (Doc. #1, p.1) Plaintiff was provided ample opportunity to amend his complaint to assert claims against Defendants in their individual capacity. However, Plaintiff has failed to take advantage of the opportunities afforded to him.[1] Therefore, because Defendants, in their official capacities, are not "persons" acting under color of state law within the meaning of Section 1983, Plaintiff's claims against Defendants in their official capacities must be dismissed.

Defendants also claim that there was no violation of Plaintiff's Fourteenth Amendment due process rights because Plaintiff does not have a protected liberty interest in the enforcement of internal MDOC policies and procedures. In his response, Plaintiff claims Defendants violated his due process rights because "[s]ufficient evidence was not presented to constitute 'some evidence' he committed the charged violation.'" (Doc. #30, p.2). Plaintiff cites to Hartsfield v. Nichols, 511 F.3d 826, 829 (8th Cir. 2008), to support his argument that the "some evidence" rule "[w]ould essentially preclude any inmate from (ever receiving due process) so long as the

---

[1] Plaintiff stated in a pleading that he wishes to sue Defendants in their individual capacities, Doc. #21, however, plaintiff did not file an amended complaint (despite having been given 2 opportunities) to clarify the capacity or capacities in which he is suing Defendants.

reporting officer writes up a report directly maintaining the person violated a valid prison rule and the hearing officers accepted the officer's view[.]" (Doc. #30, p.2).

"In order to prevail on a Fourteenth Amendment due process claim, [Plaintiff] must first demonstrate that he was deprived of life, liberty or property by government action." Phillips v. Norris, 320 F.3d 844, 846 (8th Cir. 2003) (citing Singleton v. Cecil, 155 F.3d 983, 987 (8th Cir. 1998)). To determine whether a liberty interest exists in a prison setting, the Supreme Court determined "[liberty] interests will be generally limited to freedom from restraint which … nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Phillips, 320 F.3d at 847 (quoting Sandin v. Conner, 515 U.S. 472, 484 (1995)).

The Eighth Circuit explained,

> [T]here is no federal constitutional liberty interest in having state officers follow state law or prison officials follow prison regulations. Rather, any liberty interest must be an interest in the nature of the prisoner's confinement, not an interest in the procedures by which the state believes it can best determine how he should be confined.

Phillips, 320 F.3d at 847 (internal quotations omitted) (citing Kennedy v. Blankenship, 100 F.3d 640, 643 (8th Cir. 1996)).

Plaintiff asserts he has a liberty interest in the disciplinary hearing policies and procedures utilized by the MDOC. However, as explained in Phillips, "[i]f [plaintiff] has a liberty interest, it is an interest in the nature of his confinement, not an interest in the procedures by which the state believes it can best determine how he should be confined." Id. Plaintiff has not alleged a liberty interest in the nature of his confinement, but rather an interest in the procedures employed by the MDOC, which is not sufficient to establish a Fourteenth Amendment due process claim. Therefore, the Court finds that Plaintiff does not have a liberty

interest in the disciplinary hearing policies and procedures used by the MDOC and Plaintiff's federal constitutional claims are dismiss.

Because Plaintiff has failed to assert a federal claim, Defendants suggest that the Court should decline to exercise supplemental jurisdiction over Plaintiff's remaining Missouri state law claims. Defendants state that "Plaintiff appears to allege that Defendants "violated his state due process rights under Missouri Revised Statutes §§ 217.175, 217.370, and 217.380, and Supp. 2013." (Doc. #29, p.7). Plaintiff has shown no violation of federal law, as explained above, and the Court has dismissed all federal law claims. Pursuant to 28 U.S.C. § 1367(c)(3), a court may "decline to exercise supplemental jurisdiction" over pendent state-law claims if it "has dismissed all claims over which it has original jurisdiction." Although the complaint is unclear, in the event that Plaintiff is asserting state law claims, the Court declines to consider those claims.

## IV.    CONCLUSION

Accordingly, it is hereby

**ORDERED** that Defendants' Motion to Dismiss (Doc. #29) is **GRANTED**. Plaintiff is advised that if he appeals this dismissal, in addition to the $350.00 filing fee, federal law now "'makes prisoners responsible for [appellate filing fees of $505.00] the moment the prisoner . . . files an appeal.'" Henderson v. Norris, 129 F.3d 481, 483 (8th Cir. 1997) (citation omitted). Pursuant to Henderson, Plaintiff is notified as follows:

> (a) the filing of a notice of appeal by the prisoner makes the prisoner liable for payment of the full [$505] appellate filing fees regardless of the outcome of the appeal; (b) by filing a notice of appeal the prisoner consents to the deduction of the initial partial filing fee and the remaining installments from the prisoner's prison account by prison officials; (c) the prisoner must submit to the clerk of the district court a certified copy of the prisoner's prison account for the last six months within 30 days of filing the notice of appeal; and (d) failure to file the prison account information will result in the assessment of an initial appellate partial fee of $35 or such other amount that is reasonable, based on whatever information the court has about the prisoner's finances.

Id. at 484.

      **IT IS SO ORDERED.**


                                            /s/ Stephen R. Bough
                                            STEPHEN R. BOUGH
                                            UNITED STATES DISTRICT JUDGE

Dated: October 22, 2015